UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENE ABREU,<br>Plaintiff,<br>-against-<br>WALLKILL CORRECTIONAL FACILITY,<br>Defendant. | 1:26-CV-9090 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Rene Abreu, who appears *pro se* and is currently incarcerated in the Wallkill Correctional Facility ("Wallkill"), located in Wallkill, Ulster County, New York, brings this action asserting claims against that facility. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Northern District of New York.

**DISCUSSION**

The applicable venue provision for this action, 28 U.S.C. § 1391(b), provides that, unless otherwise provided by law, a federal civil action may be brought in a United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under this venue provision, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be

sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Wallkill is located in Ulster County, New York, within the Northern District of New York, *see* 28 U.S.C. § 112(a), not this judicial district.[1] Thus, it would appear that Wallkill resides in the Northern District of New York and that, under Section 1391(b)(1), the United States District Court for the Northern District of New York is the proper venue for this action. In addition, Plaintiff alleges that the events giving rise to his claims occurred at Wallkill, within the Northern District of New York, *see id.*, not within this judicial district. Thus, under Section 1391(b)(2), the United States District Court for the Northern District of New York, and not this court, is the proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the reasons discussed above, the United States District Court for the Northern District of New York is the only proper venue for this action. *See* § 1391(b)(1), (2). Accordingly, in the interest of justice, the Court transfers this action to that court. *See id.*

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

transferee court. A summons shall not issue from this Court. This order closes this action in this court.

The Court certifies, under 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 19, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge